# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0514V
(not to be published)

| | |
|---|---|
| JULIA CARSON,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: October 19, 2020<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs; Neutral<br>Evaluator Costs; Post Judgment<br>Relief |

*Theodore J. Hong, Maglio Christopher & Toale, PA, Seattle, WA,* for Petitioner.

*Heather Lynn Pearlman, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

  On April 12, 2017, Julia Carson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), alleging she suffered a shoulder injury resulting from an influenza vaccine she received on November 5, 2015. ECF No. 1. On April 7, 2020, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 61. A few months later, on July 10, 2020, I awarded Petitioner $87,920.52 in attorney's fees and costs. ECF No. 71.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On July 17, 2020, Petitioner filed a motion for post-judgment relief seeking an additional amount of $3,828.00, representing Petitioner's portion of the cost of the former "P-100" pilot program's neutral evaluator. ECF No. 74. For the reasons stated below, I hereby grant Petitioner's motion, amending the prior judgment to award an additional amount of $3,828.00 in attorney costs.

### I.    Relevant Procedural History

On September 23, 2019, the case was selected for alternative dispute resolution ("ADR") as part of the discontinued P-100 program. ECF No. 48 (P-100 Initial Order). Under the P-100 program, the parties agreed to pay one-half each of the costs associated with the services of a neutral evaluator. LeeAnn Jones was assigned as the neutral evaluator in this case, and the neutral evaluation was held on December 4, 2019 at her office in Atlanta, Georgia. ECF Nos. 50, 55. The parties later reached a tentative settlement on January 21, 2020. ECF No. 56. On April 7, 2020, I issued a decision, awarding compensation based upon the parties' stipulation. ECF No. 60. Judgment entered on April 8, 2020. ECF No. 63.

On May 18, 2020, Petitioner filed a motion for attorney's fees and costs. ECF No. 67. Petitioner requested a total of $87,920.52, representing $84,463.20 for attorney's fees; $3,170.95 in attorney's costs; and $286.37 for Petitioner's out-of-pocket expenses. On July 10, 2020, I awarded the full amount requested. ECF No. 71. Judgment entered on July 14, 2020. ECF No. 73. But the sum requested failed to seek costs associated with the work Ms. Jones had performed.

### II.    Petitioner's Motion for Post-Judgment Relief

On July 17, 2020, Petitioner file a motion for post-judgment relief pursuant to Vaccine Rule 36 and Rule 60(b) of the Rules of the United State Court of Federal Claims ("RCFC"). ECF No. 74. Petitioner's motion acknowledged that in seeking a fees award in this case, she did not include Petitioner's portion of the neutral evaluator's fees due to "an unintentional omission on the part of Petitioner." *Id.* at ¶ 6. Petitioner indicates that Respondent's counsel stated on July 16, 2020, "that Respondent does not take a position in this Motion." *Id.* at ¶ 7.

#### A.    Legal Standard

Vaccine Rule 36(a) allows a party to obtain relief from judgment in two ways: either by filing a motion for reconsideration pursuant to RCFC 59, or by seeking relief from judgment pursuant to RCFC 60. If the case was assigned to a judge for review, the motion

2

will be referred to the same judge.  Vaccine Rule 36(a)(1). Otherwise, the  motion will be referred to the special master assigned to the case. Vaccine Rule  36(a)(2).³

In determining whether a judgment should be set aside or altered, "the need for finality of judgments" must be balanced against "the importance of ensuring that litigants have a full and fair opportunity to litigate." *Kennedy v. Sec'y of Health & Hum. Servs.*, 99 Fed. Cl. 535, 539 (2011) (citing *United Student Aid Funds,  Inc. v. Espinosa*, 559 U.S. 260, 276 (2010); *see also Bridgham by Libby v. Sec'y of Health & Hum. Servs.*, 33 Fed. Cl. 101, 104 (1995) (discussing the "tension between the goals of ensuring that  the court's judgment appropriately reflects the adjudication of the parties' rights and of  providing the parties with certainty as to those rights").

Pursuant to RCFC 60(a), a court may correct "[c]lerical mistakes in judgments, orders, or other parts of the record" at any time. Additionally, a party may request relief from final judgment for the specific reasons listed in RCFC 60(b)(1)-(5) or the "catch all" provision  at RCFC 60(b)(6). Similar to RCFC 60(a), RCFC 60(b)(1) allows post judgment relief for "mistake, inadvertence, surprise, or excusable neglect." I have previously discussed the differences between RCFC 60(a) and RCFC 60(b)(1) in *Williamsen v. Sec'y of Health & Human Servs.,* No. 10-0223V, 2014 WL 1388894 (Fed. Cl. Spec. Mstr. Feb. 5, 2014).

### B.    Analysis

Petitioner indicates she is seeking post-judgment relief pursuant to RCFC 60(b) but does not specify the exact subsection she believes is applicable to her case. Motion at 1. She indicates, however, that a mistake is, in essence, the rationale for this motion. *Id.* at ¶ 6. Thus, I find that RCFC 60(b)(1) is most applicable to Petitioner's case.

However, the circumstances in this case are similar to those in *Williamsen.* 2014 WL 1388894, at *1. As I previously determined in *Williamsen,* RCFC 60(a) is more applicable to these circumstances. *Id.* at *1-2. This is because the mistake in question is mostly clerical in nature. Both parties accept that the neutral should be paid, and that the earlier fees request should reasonably have included the sum as a cost. For that reason, the error is best viewed not as an outright failure by counsel, but rather as a calculation mistake that can easily be remedied without much consideration.

---

³ This sharing of authority over judgments between judge and special master was determined to be appropriate, since Vaccine Rule 36 allows for immediate review of the special master's ruling. *Vessels v. Sec'y of Health & Human Servs.*, 65 Fed. Cl. 563, 568 (2005).

Petitioner's motion is granted pursuant to RCFC 60(a). I find Petitioner is entitled to an additional award for Petitioner's portion of the costs associated with the work performed by the neutral evaluator, Ms. Jones.

### III.     Appropriate Amount of Fees Awarded

Along with her motion for post-judgment relief, Petitioner filed an invoice from Ms. Jones, detailing the hours she expended in this case. Exhibit 32, filed July 17, 2020, ECF No. 75. The invoice shows Ms. Jones performed 16.5 hours of work and charged an hourly rate of $464.00. The total of $7,656.00 is divided between the parties. Petitioner's portion, 50 percent of the total, is listed as $3,828.00.

I have reviewed all billing entries and find the requested amount to be reasonable. I have approved the same hourly rate requested by Ms. Jones for other P-100 neutral evaluators. *Smallwood v. Sec'y of Health & Human Servs.,* No. 18-0291V, 2020 WL 5753347 (Fed. Cl. Spec. Mstr. Aug. 26, 2020); *Weaver v. Sec'y of Health & Human Servs.,* No. 17-1251V, 2020 WL 3526150 (Fed. Cl. Spec. Mstr. May 29, 2020); *Cain v. Sec'y of Health & Human Servs.,* No. 18-0364V, 2020 WL 2046601 (Fed. Cl. Spec. Mstr. Mar. 27, 2020). I find no cause to reduce the requested hours or rate.

### IV.     Conclusion

Accordingly, Petitioner is awarded an additional $3,828.00 in attorney's costs to pay for the work performed by the neutral evaluator, LeeAnn Jones.

**In addition to sums previously awarded, Petitioner is awarded a lump sum of $3,828.00 in the form of a check made payable jointly to Petitioner and Petitioner's counsel.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.